## Nebel v. Ashworth Bros., Inc.

*Vendor and purchaser—Contract of sale—Clause providing that contract is to be null and void if purchaser is unable to use land for purpose contemplated by reason of objections of the neighborhood.*

A clause in an agreement for the sale of real estate providing that the contract shall become null and void and the money be repaid to the purchaser if he should "be unable to use the land" for the purpose intended by reason of "the objections of the neighborhood," only applies where the objections have been made effective by a decree of a court of equity enjoining the use of the land for the purpose intended. The vendor is not required to return the deposit, therefore, where a bill in equity has been filed to restrain the use contemplated, but was still pending and undetermined when the purchaser brought suit to recover the deposit.

Rule for judgment for want of a sufficient affidavit of defence. C. P. No. 5, Phila. Co., June T., 1921, No. 5360.

*Mowitz, Solis-Cohen, Scott & Gerstley*, for plaintiff.

*B. Greenwood, Jr.*, for defendant:

MARTIN, P. J., July 19, 1922.—A statement of claim was filed, averring that plaintiff agreed to buy, and defendant to sell, a lot of ground at Fifth and Cayuga Streets, in the City of Philadelphia. Two thousand dollars was paid on account of the purchase money by plaintiff when the agreement was signed. It was agreed the property should be conveyed subject to restrictions against the erection of any bone-boiling establishment, soap, candle, glue, starch, lampblack, poudrette, neat's-foot oil, gunpowder factory, white lead works, chemical, paint, leather, any establishment for keeping pigs, or for any other offensive use, business or occupation.

The vendor covenanted to convey a good and marketable title, free and clear of all encumbrances and restrictions except those enumerated.

There was a further provision in the agreement of sale: "Should the purchaser be unable to use the above land for a full fashioned hosiery mill, due to the objections of the neighborhood, then this agreement shall become null and void and all moneys paid on account of this agreement shall be returned to the purchaser."

A letter, copy of which was attached to the statement of claim, was received by the vendee from an attorney for the rector of a church in the neighborhood of the property, objecting to the erection of a mill for the manufacture of hosiery in close proximity to a parochial school of the church, and threatening legal proceedings to restrain the erection of the mill. Thereupon the vendee elected to cancel the agreement, and notified the vendor of his election. A bill in equity was subsequently filed by the church against the vendor and vendee, praying for an injunction to restrain the erection of the mill. This proceeding is still pending and undetermined, but no injunction has to the present time issued. Plaintiff demands the return of the $2000 paid on account of the purchase money when the agreement of sale was executed.

The affidavit of defence alleges that there is no uncertainty as to the right to erect a hosiery mill upon the premises; that defendant erected a large factory building on part of its premises at Fifth and Cayuga Streets, which has been in continuous operation since October, 1920, without objection. It is denied that the neighborhood is residential, and defendant asserts that the neighborhood is devoted to railroads and manufacturing. The right of defendant to cancel the agreement is denied; and it is averred that, under the terms of agreement, plaintiff was required to make settlement for the property before July 1, 1921, but failed to do so, and that the money is retained by defendant on account of the purchase money.

The contract of sale provided that it should become null and void and the money paid on account returned should the purchaser "be unable to use the land" for a full fashioned hosiery mill, "due to the objections of the neighborhood."

He was at liberty to ignore the "objections" unless they took shape in the form of legal proceedings, resulting in a mandate which rendered him "unable to use" the land. The equity suit has not proceeded that far.

If, as alleged in the affidavit of defence, "the neighborhood" has no legal or equitable ground for objection, the agreement of sale does not become null and void, and the vendor is not required to return the money paid on account.

It was stipulated that time was to be the essence of the agreement, and if the purchaser failed and neglected to make final settlement on or before July 15, 1921, the seller had the option of retaining all money paid on account of the contract as liquidating damages for the breach.

Rule discharged.